UNITED STATES v. WALSH et al.

(Circuit Court, S. D. New York. April 5, 1901.)

CONTRACT FOR CONSTRUCTION OF GOVERNMENT WORK—ACTION FOR BREACH—WAIVER BY ACCEPTANCE.

Where a contract for the construction of a dry dock for the United States provided for constant inspection of the work by the government as it progressed, and such inspections were made, and on its completion the dock was examined by the board having the matter in charge, and accepted and paid for, the government is bound by such acceptance, and,

in the absence of fraud, is estopped to thereafter claim that the work was not done in accordance with the contract.

**At Law. Action on bond of contractor for public work.**

Action at law to recover $171,360.76, with interest from May 8, 1895, for damages on account of failure to construct a timber dry dock in accordance with the contract, and accompanying plans, drawings, and specifications. The dry dock is situated at the navy yard, Brooklyn, N. Y., and is known as "No. 3." The action was brought against the contractor, Augustin Walsh, and his surety, John D. Crimmins. The government put in its direct case, with the exception of the proof of the amount of damages sustained and rebuttal; counsel for defendants conceding, for the purpose of making a motion to direct a verdict in favor of the defendants, that the government had spent $171,360.76 upon the dock. After this concession on the part of defendants' counsel, the court stated that with the exception of the examination of Rear Admiral Bowles, who had charge of the work of repair, and any rebuttal, the court would now declare the case closed on the part of the plaintiff, and allow the defendants to open, and put in their testimony on the main case, if they should choose to put in any, and to put in their testimony of acceptance of, and payment for, the dock by the government. The defendants thereupon opened, and put the defendant Walsh on the stand, whose testimony, both direct and cross, was taken, after which counsel for the defendants moved that the jury be directed to bring in a verdict in favor of the defendants, which motion, after argument, was duly granted, the court allowing an exception to the plaintiff.

George H. Gorman, Special Atty., and Arthur M. King, Asst. U. S. Atty., for the United States.

Howard A. Taylor and Origen S. Seymour, for defendant Walsh.

James R. Soley, for defendant Crimmins.

LACOMBE, Circuit Judge. Gentlemen of the Jury: There are some very interesting questions in this case,—questions of law, which will appropriately come, at the proper stage, before an appellate tribunal. The view which I have taken of this case for some time has not been changed by the arguments to which I have listened. It is unnecessary for me to deliver, or undertake to deliver, any extended opinion upon the points that have been argued, or the questions presented, and consume your time sitting here to listen to it. It is sufficient that I indicate, in the briefest way, three or four propositions which lead me to the conclusion that there is nothing here to submit to you.

In the first place, it is not disputed that, when the federal government enters into a contract with an individual, the rights which it acquires, and the obligations which it assumes, are the same rights, and the same obligations, which would be assumed were it an individual. The contract is to be construed accordingly. In this particular instance we have a contract whereby an owner of land contracts with a contractor for building a structure on the land, and the contract is an extremely elaborate one, with many provisions in it. It contains provisions whereby, from the very beginning to the very end of the work, the owner shall be advised, from time to time, of what is taking place; and it not only secures to the owner the right to make such examination, but it makes it a duty on the part of the owner to see to it that there is a constant inspection, and that it is constantly advised as to how the work is

going on, so that before the contractor goes to some new branch, to superimpose work on what is already finished below, he goes with that knowledge secured to him that the owner has had opportunity and presumably has observed what work has been done before. And, the matter having reached its conclusion, the builder—the contractor —says: "My work is completed. Here it is. You say you won't take this, and you won't pay me, until you have had an inspection and test, and satisfied yourself as to it. Now, here is my work. Look it over, and make your test. I tender it to you, and I claim my money." And the government—the owner—does look over the work, by its board, and makes a test, and says: "We are satisfied. Here is your money. Give us a release,"—and that transaction takes place. Well, ordinarily, between private parties, that would terminate the matter. Much has been said here as to the lack of knowledge on the part of the owner when such acceptance took place, and that there can be no waiver unless there is knowledge. I do not think there is testimony in this case which would warrant the conclusion that there was not knowledge on the part of the government, or of the government accepting officers, when this work was accepted. Not only was there Mr. Menocal, of whom we have heard so much, the civil engineer in charge, and Mr. White, another civil engineer, but here was inspector piled up upon inspector,—inspectors of timber, inspectors of iron, and inspectors of pile driving; and here in the possession of the federal government, at the time that it accepted this dock, were written reports on its files through which, as we have seen here, it was perfectly possible for them to produce an expert who has testified to us exactly where every pile went, and when it was driven in, his means of knowledge being written reports in the possession of the government long before the work was accepted.

In view of the information thus in the possession of the federal government at the time of the acceptance of this work, and in view of the further fact that there is no express fraud charged, no mala fides charged, and that the points of difference, the points in dispute, as between that work as called for under the contract and the work as shown, do not in the remotest degree approach, in extent of difference, to what in the Barlow Case was held to constitute fraud without any bad faith, I think the government is bound by its acceptance, and cannot now sue to recover back the money. I therefore direct you to bring in a verdict for the defendants, giving an exception thereto to the plaintiff.